IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SERGIO A. VILLANUEVA, ID # 619477, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:14-CV-1002-G (BH) |
| ) | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be denied as barred by the statute of limitations.

**I. BACKGROUND**

Sergio A. Villanueva (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On June 17, 1992, Petitioner pled guilty to two charges of aggravated robbery in Cause Nos. F91-45502-WI and F92-00485-HI in Criminal District Court No. 2 in Dallas County, Texas. The trial court sentenced him to forty years' imprisonment in each case, to be served consecutively. (Amended Petition (Amen. Pet.) at 2); *see also Villanueva v. State*, Nos. 05-92-1842-CR, 05-92-1886-CR,1995 WL 27114 (Tex. App.–Dallas, Jan. 23, 1995, no pet.). Petitioner filed a direct appeal, and on January 23, 1995, the Fifth District Court of Appeals dismissed it for lack of jurisdiction. *Id*., slip op. at *1. He did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.

Petitioner filed his first state applications for writ of habeas corpus challenging these convictions on March 26, 2013. They were denied on their merits by the Court of Criminal Appeals

on January 15, 2014, without a written order based on the trial court findings. *See Ex parte Villanueva*, WR-79,526-01, WR-79,526-02 (Tex. Crim. App. Jan. 15, 2014) (*see also* www.dallascounty.org, search for Cause Nos. W91-45502-A, W92-00485-A). Petitioner mailed his initial federal petition on March 13, 2014. (Pet. at 4). He filed an amended federal petition on April 18, 2014. (Amen. Pet. at 1).

## II.  STATUTE OF LIMITATIONS

### A.  Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because the petition in this case was filed after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Here, Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due

2

diligence the facts supporting his claims (subparagraph (D)).

Petitioner did not file a PDR with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the thirty-day time frame for seeking further review after his conviction was affirmed on direct appeal, on February 22, 1995. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"). Petitioner asserts in his federal petition that: 1) his plea was involuntary because he was told by his trial counsel that the sentences would not be consecutive; 2) he was denied effective assistance of counsel at trial and on appeal because the consecutive sentences issue was not raised at trial or on appeal; 3) the trial judge intimidated and threatened petitioner to change his testimony; and 4) the sufficiency of the evidence does not support consecutive sentences because the record from the sentencing hearing does not reflect that the trial court intended to have the sentences run consecutively. (Amen. Pet. at 6-7). The facts supporting these claims became known or could have become known prior to this date.

Because Petitioner's state conviction became final before AEDPA's enactment on April 24, 1996, he had one year in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner is entitled to the one-year grace period that ended, in the absence of tolling, on April 24, 1997. His March 13, 2014, filing is therefore

untimely.[1]

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year statute of limitations expired well before Petitioner filed his state writs or his federal petition. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner presented no argument or evidence that he was prevented from filing either his state writs or his federal petition earlier. Petitioner waited eighteen years after his convictions were final before filing his state writs challenging his convictions and he waited nineteen years before filing his federal habeas petition. He has not shown that he has acted diligently in pursuing his rights or that some extraordinary circumstance, such as being misled by the State, prevented him from timely filing his federal petition. Petitioner has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations.

Recently, in *McQuiggen v. Perkins*, 133 S.Ct. 1924 (2013), the Supreme Court held that a plea of actual innocence could overcome the one-year statute of limitations under the AEDPA, even in circumstances where equitable tolling is not appropriate because a petitioner has not exercised due diligence in pursuing his claim. It held that in order to be entitled to this exception to the statute of limitations, however, a federal habeas petitioner must present a convincing claim of actual innocence. *Id*. at 1934-35. Here, Petitioner does not assert that he is actually innocent of the two aggravated robberies for which he was convicted. He asserts instead that he should not be required to serve the two sentences consecutively. Therefore, his federal petition is barred by the statute of limitations.

### III.  RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 21st day of April, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE