UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERGIO A. VILLANUEVA, | ) | |
| ID # 619477, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:14-CV-1002-G (BH) |
| | ) | |
| WILLIAM STEPHENS, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the

findings, conclusions, and recommendation of the United States Magistrate Judge

and the petitioner's objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the

undersigned district judge is of the opinion that the findings and conclusions of the

magistrate judge are correct and they are accepted as the findings and conclusions of

the court.  Regarding the petitioner's objections, the court notes that even if the

petitioner was prevented from taking any legal action until after 2009, when he was

moved out of "Segregation," *see* Objections to Findings, Conclusions, and Recommendation (docket entry 15), his 2013 state filing and 2014 federal filing were still both well outside of the one-year statute of limitations.

Therefore, in accordance with FED. R. APP. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the magistrate judge, the court **DENIES** petitioner a certificate of appealability.  The court adopts and incorporates by reference the magistrate judge's findings, conclusions and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[*]

---

[*]   Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.**  The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the denial but may seek a certificate

(continued...)

In the event that the petitioner files a notice of appeal, he is informed that he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**SO ORDERED**.

May 15, 2014.

_A. Joe Fish_____

**A. JOE FISH**
**Senior United States District Judge**

---

[*](...continued)
       from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

       **(b) Time to Appeal.**  Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules.  A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

- 3 -